IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, 317239 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. ELH-15-3142 |
| OFFICER JULIE M. THRASHER | * | |
| Defendant. | | |
| | ***** | |

MEMORANDUM

On October 15, 2015, the court received for filing this 42 U.S.C. § 1983 complaint, filed by Mich Aurel,[1] an inmate at the North Branch Correctional Institution ("NBCI"). ECF 1.[2] Aurel also filed a motion for leave to proceed in forma pauperis ("IFP"). ECF 2.

The complaint is dated October 7, 2015. Aurel seemingly complains that NBCI Correctional Officer Julie Thrasher sexually assaulted him on October 6, 2015, when he was stopped and patted down in front of the NBCI dining room. ECF 1. He asserts that Thrasher "placed her hands in my right packet [sic] to my jeans and touch[ed] my private parts and pull[ed] my private parts." *Id.* at 3. Further, he contends that "next she place[d] her hands on [the] left side of my jeans packet [sic] and touched and pull[ed] my private parts." *Id.* at 3-4.

---

[1] Aurel refers to himself as "Aurel Mich." The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Accordingly, I will refer to him per the DPSCS designation.

[2] This case represents the twenty-second complaint filed by Aurel in this court since December of 2013.

Aurel also alleges that Thrasher told him to turn and she raised his shirt so she could see his stomach. *Id.* at 4. He claims he filed criminal charges regarding the "sexual assault and harassment." *Id*. at 3, 4. Notably, Aurel states that his administrative remedy procedure grievance is pending. *Id*. at 2. He seeks $5,000,000.000 in damages. *Id.* at 3.

Because Aurel appears indigent, his IFP motion (ECF 2) shall be granted. His complaint, written the day after the alleged incident, shall be dismissed, without prejudice.

As noted, plaintiff has moved for IFP status. Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, however, the statute requires a court to dismiss any claim that, among other grounds, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

28 U.S.C. § 1915A is also relevant. It provides for the screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(a). Before permitting the case to move forward or requiring a response from a defendant, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *See also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.

1997); *Williamson v. Angelone,* 197 F. Supp.2d 476, 478 (E.D. Va. 2001).  The screening is necessary to determine whether a defendant should be required to respond to the action.

The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to plaintiff's allegations.

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).  However, the court is also mindful of its obligations under 28 U.S.C. § 1915 and § 1915A.

Plaintiff has represented that he filed a grievance that is pending. Therefore, he has, in effect, conceded that he has not satisfied the administrative exhaustion requirement under the PLRA. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive

Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210 and Code of Maryland Regulations ("COMAR"), Title 12 § 07.01.05; *see also* Division of Corrections Directive ("DCD") 185-002, § VI.N I.

The court may, on its own, raise the affirmative defense issue of Aurel's exhaustion of administrative remedies under the PLRA. *See Anderson v. XYZ Correctional Health Service, Inc.*, *supra*, 407 F.3d at 681-82. The court may not, however, dismiss the case for the failure to exhaust without first giving the prisoner the opportunity to address the issue, *unless such failure is apparent from the face of the complaint*. *Id.* (Emphasis added).

Here, it is uncontroverted that Aurel wrote his complaint within twenty-four hours of the alleged incident. And, he admits that his administrative remedy remains pending. Thus, it is readily apparent from the face of the complaint that Aurel has not exhausted his administrative remedies as to Thrasher's conduct and thus he has failed to state a claim. Accordingly, sua sponte dismissal of the complaint is appropriate. *Anderson*, 407 F.3d at 682. The suit is premature.

Aurel should allow the grievance process to run its course before filing a complaint for damages. Therefore, his complaint shall be dismissed, without prejudice.

A separate Order follows.

Date: <u>October 16, 2015</u>                                   _____/s/_____
                                                                Ellen L. Hollander
                                                                United States District Judge